1  DOWNEY BRAND LLP
   SALLIE B. ARMSTRONG (Bar No. 1243)
2  MICHELLE N. KAZMAR (Bar No. 10098)
   427 West Plumb Lane
3  Reno, NV 89509
   Telephone: (775) 329-5900
4  Facsimile: (775) 786-5443
   Email: reno@downeybrand.com
5
   *Attorneys for Z Servicing, Inc.*
6

7

8              UNITED STATES BANKRUPTCY COURT

9               FOR THE DISTRICT OF NEVADA

10  In Re:                          Case No. BK-N-10-50471-GWZ

11  BIG STUFF STORAGE, LLC,         Chapter Number: 11

12          Debtor.                 **STATEMENT IN SUPPORT OF AND
                                    JOINDER IN MOTION TO CONVERT
13                                  CASE TO CHAPTER 7**

14                                  ─────────────────────────────

15                                  Hearing Date: February 22, 2012
                                    Hearing Time: 2:00 p.m.

16          Z Servicing, Inc. ("Z Servicing"), by and through its attorneys, Downey Brand LLP, files

17  this Statement in support of (and specifically joins in) that portion of the Acting United States

18  Trustee's ("U.S. Trustee") *Motion to Convert Case to Chapter 7 or Dismiss Pursuant to 11*

19  *U.S.C. §1112(b)* (the "Motion"), which requests that the above-captioned Chapter 11 case be

20  converted to a case under Chapter 7. This Statement is based on the following memorandum of

21  points and authorities, all papers and pleadings on file herein, and any argument entertained by

22  the Court at the time of hearing.

23              **MEMORANDUM OF POINTS AND AUTHORITIES**

24                                  **I.**
                                **INTRODUCTION**

25

26          The U. S. Trustee has requested that this case be converted or dismissed based on the

27  Debtor's failure to file required reports and timely pay quarterly Chapter 11 fees. However, as

28  more fully set forth herein, the Debtor has failed to comply with it the *Order Confirming Debtor's*

1212552.1                           1

1    *Plan of Reorganization* ("Confirmation Order") entered on December 30, 2010 in numerous

2    respects. Several of the Debtor's defaults are detailed in the Response filed by Branch Banking &

3    Trust Co. ("BB&T"). Additionally, there are defaults to Z Servicing. But, contrary to BB&T, Z

4    Servicing respectfully suggests that this case should be converted, **not** dismissed.

5                                                        **II.**
                                    **GROUNDS EXISTS FOR CONVERSION, NOT DISMISSAL**
6

7              When this Court was first considering the issues surrounding the Debtor's Plan of

8    Reorganization, there was no dispute that there was substantial equity in the property which

9    secures both BB&T's claim, as well as Z Servicing's claim (as the servicer for various note

10   holders). BB&T was owed slightly in excess of $1,000,000, Z Servicing was owed principal of

11   $260,000.00, and the only opinion of value of the property before this Court was an appraisal

12   which placed the value of the property at $1,725,000.00. *See* Doc. No. 30.

13             While there is probably no dispute that the value of the property has deteriorated, BB&T

14   has been paid under the Confirmation Order through the payment due on November 15, 2011. As

15   a result, the amount due it should not be rapidly increasing, and, thus, there should still be

16   sufficient equity in the property to justify having a Trustee appointed to try and sell the property

17   for the benefit of all creditors, including Z Servicing (the Trustee may also be able to make

18   payments to BB&T while he/she is investigating the sale of the property).

19                                                       **III.**
                                        **THE DEFAULTS TO Z SERVICING**
20

21             The Debtor, as it is to BB& T, is in default on its payments to Z Servicing. The Debtor

22   ceased making payments to Z Servicing in July 2011, and the unpaid interest due Z Servicing as

23   of December 31, 2012 was $12,257.84. Moreover, as alleged by BB&T, the Debtor has failed to

24   remain current on taxes. Finally, the Debtor has failed to provide Z Servicing with a balance

25   sheet and a profit and loss statement monthly as required by the Confirmation Order.

26             The Debtor has responded to the Motion stating that it will have its quarterly operating

27   reports current and payment of its fees will be current prior to the hearing. However, that is too

28   little too late. The Debtor is not in compliance with the Confirmation Order, and technical

1212552.1                                             2

1    conformity with the U.S. Trustee's objection should not be sufficient for the Debtor to avoid

2    conversion.  A trustee needs to take control of this property and determine what, if any, value can

3    be realized from the property over the amount owed to BB&T.  Since the property is income

4    producing, there are funds available for the payment of Chapter 7 administrative expenses, and,

5    consequently, there is no danger that a trustee will be saddled with a property which will result in

6    a loss to the Chapter 7 bankruptcy estate.

7                                              IV.
                                       CONCLUSION
8

9         Based on the above, Z Servicing supports and joins in that portion of the Trustee's Motion

10   requesting conversion to a Chapter 7 case, and it asks that this Court enter an order accordingly.

11   DATED:  February 8, 2012.                    DOWNEY BRAND LLP

12                                               By: _____

13                                                  SALLIE B. ARMSTRONG
                                                   MICHELLE N. KAZMAR
14                                                 *Attorneys for Z Servicing, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1212552.1

3

RESPONSE TO MOTION TO CONVERT CASE TO CHAPTER 7 OR DISMISS