LOUIS M. BUBALA III, ESQ.
Nevada Bar #8974
ARMSTRONG TEASDALE LLP
50 W. Liberty St., Ste. 950
Reno, NV 89501
Telephone:  775.322.7400
Facsimile:  775.322.9049
Email:  lbubala@armstrongteasdale.com

Attorneys for Branch Banking and Trust Company

**ELECTRONICALLY FILED ON
May 29, 2012**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re

BIG STUFF STORAGE LLC,

　　Debtor.

_____

Case No.:  BK-N-10-50471-GWZ
Chapter:  11

**RESPONSE TO SECOND AND FINAL APPLICATION BY ATTORNEY FOR DEBTOR TO APPROVE COMPENSATION (ALAN R. SMITH), WITH CERTIFICATE OF SERVICE**

Hearing Date:  6/12/12
Hearing Time:  2:00 p.m.

　　Branch Banking & Trust Co. ("BB&T") does not object to allowance of the fees sought by Debtor's counsel.  However, BB&T objects to payment contrary to the proper application of funds to secured claims and administrative priority.  In the circumstances of this case, BB&T does not believe that Debtor's counsel will receive any payments from the Chapter 7 trustee.

　　Because BB&T is secured in the rents, any rents are to be applied to its debt rather than any administrative expense.  *E.g., In re Rider*, 40 F. Supp. 882, 886 (S.D. Iowa 1941).  Debtor executed an assignment of rents with BB&T's predecessor in interest, Colonial Bank, on May 19, 2006.  **Exhibit 1**.  The assignment was recorded with the Washoe County Recorder on May 26, 2006.  *Id.*  The assignment provided that debtor "hereby assigns, grants a continuing security interest in, and conveys to Lender all of [Debtor's] right, title and interest in and to the Rents from" Debtor's real property securing its loan from BB&T.  *Id.* at 1 ("Assignment").  The Debtor "shall pay to Lender all amounts secured by this Assignment as they become due, and shall strictly perform all of Grantor's obligations under this Assignment."  *Id.* at 2 ("Payment and Performance").  Debtor previously acknowledged BB&T's security interest in the rents with its motion for an order permitting its limited

1

use of the rents securing its debt owed to BB&T (Ct. Dkt. #15, filed April 30, 2010). Debtor requested "that it be authorized to pay [those] operating expenses from the cash collateral pending confirmation of its plan of reorganization." *Id.* at 4:3-4. The Court held a hearing on June 2, 2010, and granted the motion (Ct. Dkt. #38, Order, filed July 9, 2010).

      Additionally, any fee sought by Debtor's counsel is a Chapter 11 administrative expenses that must be subordinated to Chapter 7 administrative expenses. 11 U.S.C. § 726(b). There is nothing in the application that provides a basis to alter the payment scheme and provide immediate payment of Debtor's legal fees from monies generated by the operation of Debtor's businesses.

Dated this 29th day of May, 2012      ARMSTRONG TEASDALE LLP

      By: /s/Louis M. Bubala III

      LOUIS M. BUBALA III, ESQ.

      Counsel to BB&T

# CERTIFICATE OF SERVICE

1. On May 29, 2012, I served the following document(s):

**RESPONSE TO SECOND AND FINAL APPLICATION BY ATTORNEY FOR DEBTOR TO APPROVE COMPENSATION (ALAN R. SMITH), WITH CERTIFICATE OF SERVICE**

2. I served the above-named document(s) by the following means to the persons as listed below:
   - ■ a. ECF System (attach the "Notice of Electronic Filing" or list all persons and addresses):

SALLIE B ARMSTRONG on behalf of Creditor Z SERVICING, INC.
sarmstrong@downeybrand.com, reno@downeybrand.com

CHRISTINA W. LOVATO
trusteelovato@att.net, NV26@ecfcbis.com

ALAN R SMITH on behalf of Debtor BIG STUFF STORAGE, LLC
mail@asmithlaw.com

U.S. TRUSTEE - RN - 7
USTPRegion17.RE.ECF@usdoj.gov

   - ☐ b. United States mail, postage fully prepaid (list persons and addresses):

   - ☐ c. Personal Service (list persons and addresses)
       I personally delivered the document(s) to the persons at these addresses:

   - ☐ d. By direct email (as opposed to through the ECF System) (list persons and email addresses):

   - ☐ e. By fax transmission (list persons and fax numbers):

   - ☐ f. By messenger:

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 29th day of May, 2012.

| _Barbara Salinas_ | /s/ Barbara Salinas |
|---|---|
| Name | Signature |

# EXHIBIT 1

# EXHIBIT 1

```
DOC # 3392910
05/26/2006 11:38A Fee:26.00
              BK1
        Requested By
 FIRST CENTENNIAL TITLE COMPANY
     Washoe County Recorder
   Kathryn L. Burke - Recorder
     Pg 1 of 13 RPTT 0.00
```

Assessor Parcel No(s):
082-290-19

RECORDATION REQUESTED BY:
COLONIAL BANK, N.A.
Commercial Real Estate - Reno
2330 South Virginia Street
Reno, NV  89502

WHEN RECORDED MAIL TO:
COLONIAL BANK, N.A.
Commercial Real Estate - Reno
2330 South Virginia Street
Reno, NV  89502

SEND TAX NOTICES TO:
BIG STUFF STORAGE, LLC
P.O. Box 68120
Park City, UT  84068

FOR RECORDER'S USE ONLY

# ASSIGNMENT OF RENTS

THIS ASSIGNMENT OF RENTS dated May 19, 2006, is made and executed between BIG STUFF STORAGE, LLC, a Nevada limited liability company whose address is P.O. Box 68120, Park City, UT  84068 (referred to below as "Grantor") and COLONIAL BANK, N.A., whose address is 2330 South Virginia Street, Reno, NV  89502 (referred to below as "Lender").

ASSIGNMENT.  For valuable consideration, Grantor hereby assigns, grants a continuing security interest in, and conveys to Lender all of Grantor's right, title, and interest in and to the Rents from the following described Property located in Washoe County, State of Nevada:

   See Exhibit A, which is attached to this Assignment and made a part of this Assignment as if fully set forth herein.

The Property or its address is commonly known as  7875 N. Virginia St., Reno, NV  89506. The Property tax identification number is 082-290-19.

THIS ASSIGNMENT IS GIVEN TO SECURE  (1) PAYMENT OF THE INDEBTEDNESS AND  (2)

3392910
05/26/2006
2 of 13

## ASSIGNMENT OF RENTS
## (Continued)

Loan No: 8036932518-01             Page 2

**PERFORMANCE OF ANY AND ALL OBLIGATIONS OF GRANTOR UNDER THE NOTE, THIS ASSIGNMENT, AND THE RELATED DOCUMENTS. THIS ASSIGNMENT IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:**

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Assignment or any Related Documents, Grantor shall pay to Lender all amounts secured by this Assignment as they become due, and shall strictly perform all of Grantor's obligations under this Assignment. Unless and until Lender exercises its right to collect the Rents as provided below and so long as there is no default under this Assignment, Grantor may remain in possession and control of and operate and manage the Property and collect the Rents, provided that the granting of the right to collect the Rents shall not constitute Lender's consent to the use of cash collateral in a bankruptcy proceeding.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES.** Grantor warrants that:

**Ownership.** Grantor is entitled to receive the Rents free and clear of all rights, loans, liens, encumbrances, and claims except as disclosed to and accepted by Lender in writing.

**Right to Assign.** Grantor has the full right, power and authority to enter into this Assignment and to assign and convey the Rents to Lender.

**No Prior Assignment.** Grantor has not previously assigned or conveyed the Rents to any other person by any instrument now in force.

**No Further Transfer.** Grantor will not sell, assign, encumber, or otherwise dispose of any of Grantor's rights in the Rents except as provided in this Assignment.

**LENDER'S RIGHT TO RECEIVE AND COLLECT RENTS.** Lender shall have the right at any time, and even though no default shall have occurred under this Assignment, to collect and receive the Rents. For this purpose, Lender is hereby given and granted the following rights, powers and authority:

**Notice to Tenants.** Lender may send notices to any and all tenants of the Property advising them of this Assignment and directing all Rents to be paid directly to Lender or Lender's agent.

**Enter the Property.** Lender may enter upon and take possession of the Property; demand, collect and receive from the tenants or from any other persons liable therefor, all of the Rents; institute and carry on all legal proceedings necessary for the protection of the Property, including such proceedings as may be necessary to recover possession of the Property; collect the Rents and remove any tenant or tenants or other persons from the Property.

**Maintain the Property.** Lender may enter upon the Property to maintain the Property and keep the same in repair; to pay the costs thereof and of all services of all employees, including their equipment, and of all continuing costs and expenses of maintaining the Property in proper repair and condition, and also to pay all taxes, assessments and water utilities, and the premiums on fire and other insurance effected by Lender on the Property.

**Compliance with Laws.** Lender may do any and all things to execute and comply with the laws of the State of Nevada and also all other laws, rules, orders, ordinances and requirements of all other governmental agencies affecting the Property.

**Lease the Property.** Lender may rent or lease the whole or any part of the Property for such term or terms and on such conditions as Lender may deem appropriate.

## ASSIGNMENT OF RENTS
## (Continued)

Loan No: 8036932518-01                          Page 3

---

**Employ Agents.** Lender may engage such agent or agents as Lender may deem appropriate, either in Lender's name or in Grantor's name, to rent and manage the Property, including the collection and application of Rents.

**Other Acts.** Lender may do all such other things and acts with respect to the Property as Lender may deem appropriate and may act exclusively and solely in the place and stead of Grantor and to have all of the powers of Grantor for the purposes stated above.

**No Requirement to Act.** Lender shall not be required to do any of the foregoing acts or things, and the fact that Lender shall have performed one or more of the foregoing acts or things shall not require Lender to do any other specific act or thing.

**APPLICATION OF RENTS.** All costs and expenses incurred by Lender in connection with the Property shall be for Grantor's account and Lender may pay such costs and expenses from the Rents. Lender, in its sole discretion, shall determine the application of any and all Rents received by it; however, any such Rents received by Lender which are not applied to such costs and expenses shall be applied to the Indebtedness. All expenditures made by Lender under this Assignment and not reimbursed from the Rents shall become a part of the Indebtedness secured by this Assignment, and shall be payable on demand, with interest at the Note rate from date of expenditure until paid.

**FULL PERFORMANCE.** If Grantor pays all of the Indebtedness when due and otherwise performs all the obligations imposed upon Grantor under this Assignment, the Note, and the Related Documents, Lender shall execute and deliver to Grantor a suitable satisfaction of this Assignment and suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Property. Any termination fee required by law shall be paid by Grantor, if permitted by applicable law.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Grantor fails to comply with any provision of this Assignment or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Assignment or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Rents or the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Assignment also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Assignment:

**Payment Default.** Grantor fails to make any payment when due under the Indebtedness.

## ASSIGNMENT OF RENTS
## (Continued)

Loan No: 8036932518-01                                                                                   Page 4

**Other Defaults.** Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Assignment or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Grantor.

**Default on Other Payments.** Failure of Grantor within the time required by this Assignment to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Environmental Default.** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with the Property.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Grantor or on Grantor's behalf under this Assignment or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Assignment or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The dissolution of Grantor's (regardless of whether election to continue is made), any member withdraws from the limited liability company, or any other termination of Grantor's existence as a going business or the death of any member, the insolvency of Grantor, the appointment of a receiver for any part of Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Grantor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Grantor or by any governmental agency against the Rents or any property securing the Indebtedness. This includes a garnishment of any of Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Property Damage or Loss.** The Property is lost, stolen, substantially damaged, sold, or borrowed against.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness. In the event of a death, Lender, at its option, may, but shall not be required to, permit the Guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender, and, in doing so, cure any Event of Default.

**Adverse Change.** A material adverse change occurs in Grantor's financial condition, or Lender

## ASSIGNMENT OF RENTS
## (Continued)

Loan No: 8036932518-01    Page 5

believes the prospect of payment or performance of the Indebtedness is impaired.

**Cure Provisions.** If any default, other than a default in payment is curable and if Grantor has not been given a notice of a breach of the same provision of this Assignment within the preceding twelve (12) months, it may be cured if Grantor, after receiving written notice from Lender demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of any Event of Default and at any time thereafter, Lender may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Grantor to declare the entire Indebtedness immediately due and payable, including any prepayment penalty which Grantor would be required to pay.

**Collect Rents.** Lender shall have the right, without notice to Grantor, to take possession of the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender shall have all the rights provided for in the Lender's Right to Receive and Collect Rents Section, above. If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Other Remedies.** Lender shall have all other rights and remedies provided in this Assignment or the Note or by law.

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Assignment, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Assignment, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is

## ASSIGNMENT OF RENTS
## (Continued)

Loan No: 8036932518-01                                                                                     Page 6

---

involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law. Fees and expenses shall include attorneys' fees that Lender, Trustee, or both incur, if either or both are made parties to any action to enjoin foreclosure or to any legal proceeding that Grantor institutes. The fees and expenses are secured by this Assignment and are recoverable from the Property.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Assignment:

**Amendments.** This Assignment, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Assignment. No alteration of or amendment to this Assignment shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Caption Headings.** Caption headings in this Assignment are for convenience purposes only and are not to be used to interpret or define the provisions of this Assignment.

**Governing Law. This Assignment will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Nevada without regard to its conflicts of law provisions. This Assignment has been accepted by Lender in the State of Nevada.**

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of Washoe County, State of Nevada.   **(Initial Here** _____ **)**

**Merger.** There shall be no merger of the interest or estate created by this assignment with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Interpretation.**  (1)   In all cases where there is more than one Borrower or Grantor, then all words used in this Assignment in the singular shall be deemed to have been used in the plural where the context and construction so require.   (2)   If more than one person signs this Assignment as "Grantor," the obligations of each Grantor are joint and several. This means that if Lender brings a lawsuit, Lender may sue any one or more of the Grantors. If Borrower and Grantor are not the same person, Lender need not sue Borrower first, and that Borrower need not be joined in any lawsuit.  (3)   The names given to paragraphs or sections in this Assignment are for convenience purposes only. They are not to be used to interpret or define the provisions of this Assignment.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Assignment unless such waiver is given in writing and signed by Lender. No delay or omission

## ASSIGNMENT OF RENTS
## (Continued)

Loan No: 8036932518-01　　　　　　　　　　　　　　　　　　　　　　　　Page 7

on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Assignment shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Assignment. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Assignment, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Notices.** Any notice required to be given under this Assignment shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Assignment. Any party may change its address for notices under this Assignment by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

**Powers of Attorney.** The various agencies and powers of attorney conveyed on Lender under this Assignment are granted for purposes of security and may not be revoked by Grantor until such time as the same are renounced by Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Assignment to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Assignment. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Assignment shall not affect the legality, validity or enforceability of any other provision of this Assignment.

**Successors and Assigns.** Subject to any limitations stated in this Assignment on transfer of Grantor's interest, this Assignment shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Assignment and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Assignment or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Assignment.

**WAIVER OF HOMESTEAD EXEMPTION.** Grantor hereby releases and waives all rights and benefits of the homestead exemption laws of the State of Nevada as to all Indebtedness secured by this Assignment.

**WAIVER OF RIGHT OF REDEMPTION.** NOTWITHSTANDING ANY OF THE PROVISIONS TO THE CONTRARY CONTAINED IN THIS ASSIGNMENT, GRANTOR HEREBY WAIVES ANY AND ALL RIGHTS OF REDEMPTION FROM SALE UNDER ANY ORDER OR JUDGMENT OF



## ASSIGNMENT OF RENTS
## (Continued)

Loan No: 8036932518-01            Page 8

FORECLOSURE ON GRANTOR'S BEHALF AND ON BEHALF OF EACH AND EVERY PERSON, EXCEPT JUDGMENT CREDITORS OF GRANTOR, ACQUIRING ANY INTEREST IN OR TITLE TO THE PROPERTY SUBSEQUENT TO THE DATE OF THIS ASSIGNMENT.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Assignment. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Assignment shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Assignment.** The word "Assignment" means this ASSIGNMENT OF RENTS, as this ASSIGNMENT OF RENTS may be amended or modified from time to time, together with all exhibits and schedules attached to this ASSIGNMENT OF RENTS from time to time.

**Borrower.** The word "Borrower" means BIG STUFF STORAGE, LLC.

**Default.** The word "Default" means the Default set forth in this Assignment in the section titled "Default".

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Assignment in the default section of this Assignment.

**Grantor.** The word "Grantor" means BIG STUFF STORAGE, LLC.

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Lender to enforce Grantor's obligations under this Assignment, together with interest on such amounts as provided in this Assignment.

**Lender.** The word "Lender" means COLONIAL BANK, N.A., its successors and assigns.

**Note.** The word "Note" means the promissory note dated May 19, 2006, **in the original principal amount of $875,000.00** from Grantor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement.

**Property.** The word "Property" means all of Grantor's right, title and interest in and to all the Property as described in the "Assignment" section of this Assignment.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.



## ASSIGNMENT OF RENTS
### (Continued)

Loan No: 8036932518-01

Page 9

**Rents.** The word "Rents" means all of Grantor's present and future rights, title and interest in, to and under any and all present and future leases, including, without limitation, all rents, revenue, income, issues, royalties, bonuses, accounts receivable, cash or security deposits, advance rentals, profits and proceeds from the Property, and other payments and benefits derived or to be derived from such leases of every kind and nature, whether due now or later, including without limitation Grantor's right to enforce such leases and to receive and collect payment and proceeds thereunder.

THE UNDERSIGNED ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS ASSIGNMENT, AND NOT PERSONALLY BUT AS AN AUTHORIZED SIGNER, HAS CAUSED THIS ASSIGNMENT TO BE SIGNED AND EXECUTED ON BEHALF OF GRANTOR ON MAY 19, 2006.

GRANTOR:

BIG STUFF STORAGE, LLC

By: _____
MARK D. HUBER, Manager/Member of BIG STUFF STORAGE, LLC

By: _____
ALAN J. HUBER, Manager/Member of BIG STUFF STORAGE, LLC



```
3392910
05/26/2006
10 of 13
```

## ASSIGNMENT OF RENTS
Loan No: 8036932518-01      (Continued)      Page 10

---

### LIMITED LIABILITY COMPANY ACKNOWLEDGMENT

STATE OF __Utah__      )
     ) SS
COUNTY OF __Summit__      )

This instrument was acknowledged before me on __5/22/06__ by **MARK D. HUBER**, Manager/Member of **BIG STUFF STORAGE, LLC**, as designated agent of **BIG STUFF STORAGE, LLC**.

```
NOTARY PUBLIC
RILEY D. RISTO
1555 Snow Creek Dr.
Park City, UT  84060
My Commission Expires
February 12, 2007
STATE OF UTAH
```

_____
(Signature of notarial officer)

Notary Public in and for State of __Utah__

(Seal, if any)



| | ASSIGNMENT OF RENTS | |
|---|---|---|
| Loan No: 8036932518-01 | (Continued) | Page 11 |

## LIMITED LIABILITY COMPANY ACKNOWLEDGMENT

STATE OF __Utah__           )
                            ) SS
COUNTY OF __Summit__        )

This instrument was acknowledged before me on __5/22/06__ by **ALAN J. HUBER, Manager/Member of BIG STUFF STORAGE, LLC,** as designated agent of **BIG STUFF STORAGE, LLC.**



NOTARY PUBLIC
RILEY D. RISTO
1555 Snow Creek Dr.
Park City, UT 84060
My Commission Expires
February 12, 2007
STATE OF UTAH

_____
(Signature of notarial officer)

Notary Public in and for State of __Utah__

(Seal, if any)

LASER PRO Lending, Ver. 5.31.00 004 Copr. Harland Financial Solutions, Inc. 1997, 2006.   All Rights Reserved.  - NV  D:\NEVADA\CFI\LPL\G14.FC  TR-2580  PR-3



**EXHIBIT "A"**
**Legal Description**

COMMENCING at the West quarter corner of Section 15, Township 20 North, Range 19 East, M.D.B.&M.; thence North 0°53' West along the Western line of said Section 15, a distance of 223.00 feet to the Southern line of U.S. Highway No. 395 (100 feet wide); thence South 62°00' East along the last mentioned line 400.00 feet to the true point of beginning; thence South 62°00' East along said Southern line of U.S. Highway No. 395, a distance of 243.00 feet; thence South 28°00' West 484.12 feet; thence South 29°11' West 279.88 feet to the Northern right of way line of the Western Pacific Railroad Co.; thence North 76°08' West along the last mentioned line 192.53 feet to the Western line of said Section 15; thence North 1°08' West along the last mentioned line 103.68 feet to a line drawn South 28°00' West from the true point of beginning; thence North 28°00' East 720.40 feet to the true point of beginning. Situate in the Northwest ¼ of Southwest ¼ and Southwest ¼ of Northwest ¼ of said Section 15.

The above legal description was taken from prior Document No. 3067036.

APN: **082-290-19**

Order Number: **00151660-DA**

1





# WASHOE COUNTY RECORDER

**OFFICE OF THE RECORDER**
**KATHRYN L. BURKE, RECORDER**

1001 E. NINTH STREET
POST OFFICE BOX 11130
RENO, NEVADA 89520-0027
PHONE (775) 328-3661
FAX (775) 325-8010

## LEGIBILITY NOTICE

The Washoe County Recorder's Office has determined that the attached document may not be suitable for recording by the method used by the Recorder to preserve the Recorder's records. The customer was advised that copies reproduced from the recorded document would not be legible. However, the customer demanded that the document be recorded without delay as the parties rights may be adversely affected because of a delay in recording. Therefore, pursuant to NRS 247.120 (3), the County Recorder accepted the document conditionally, based on the undersigned's representation (1) that a suitable copy will be submitted at a later date (2) it is impossible or impracticable to submit a more suitable copy.

By my signing below, I acknowledge that I have been advised that once the document has been microfilmed it may not reproduce a legible copy.

_____    _____
                Signature                                  Date

                Katie Grossett
                Printed Name